UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONGXIAO YUE,<br><br>    Plaintiff,<br><br>    v.<br><br>MSC SOFTWARE CORPORATION,<br><br>    Defendant. | Case No. 15-cv-05526-PJH<br><br>**ORDER ON PLAINTIFF'S LETTER REGARDING DISCOVERY PERIOD FOR COPYRIGHT CLAIMS**<br><br>Re: Dkt. No. 45 |

    The court is in receipt of a June 16 letter from pro se plaintiff Dongxiao Yue regarding the discovery period for his copyright claims. Dkt. 45. In an order dated June 15, 2016, the court denied Yue's motion for leave to amend his complaint and to lift the restriction on the discovery period. In relevant part, the court held that Yue's LLC Netbula, and not Yue personally, had standing to being claims alleging fraud concerning a 2005 license between Netbula and defendant MSC Software Corporation. Dkt. 44 at 6. Because Yue's request to lift the restriction on the discovery period appeared to be based on the addition of the new fraud claims, that request was denied as well. Id.

    Yue's letter to the court indicates that he now intends to join Netbula LLC as a co-plaintiff, which will be represented by counsel. Yue's letter renews his request to extend the discovery period beyond the five-year limit established by the court in an earlier order. Dkt. 30. Yue now asserts that his previous request to extend the discovery period was "based on the copyright claims only." Dkt. 45.

    Yue's letter raises the issue of the damages available for copyright claims in light of the Supreme Court's decision in Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S. Ct.

1962 (2014). Copyright claims have a three-year statute of limitations. 17 U.S.C. § 507(b). Prior to Petrella, there was a split in authority as to whether damages were available only within three years from when the suit was filed (the "injury rule"), or whether a copyright claim does not accrue until the copyright owner learns of the infringement, permitting damages for a longer period so long as suit is brought within three years of the infringement's discovery (the "discovery rule"). See generally Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § 12.05[B][2]. In the Ninth Circuit, the discovery rule prevails. See Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 706 (9th Cir. 2004).

Some language in Petrella does appear to embrace an injury-rule analysis. See Petrella, 134 S. Ct. at 1969 ("Under the [Copyright] Act's three-year provision, an infringement is actionable within three years, and only three years, of its occurrence.") The Supreme Court, however, did not directly "pass on" the issue of whether the discovery rule was available to a plaintiff who was not aware of an earlier infringement. Id. at 1969 n.4. Under these circumstances, the Ninth Circuit's decision in Polar Bear Products remains binding precedent in this circuit. See Oracle USA, Inc. v. Rimini St., Inc., No. 2:10-CV-00106-LRH, 2015 WL 5089779, at *6 (D. Nev. Aug. 27, 2015) ("[T]he Supreme Court in Petrella expressly declined to reject the discovery rule. As such, the discovery rule is still controlling precedent in this action and the court shall deny defendants' motion as to this issue.") (citation omitted); Wolf v. Travolta, No. CV 14-00938-CAS-PJW, 2016 WL 911469, at *13 (C.D. Cal. Mar. 4, 2016) (applying Polar Bear Products); accord Panoramic Stock Images, Ltd v. McGraw-Hill Glob. Educ. Holdings, LLC, No. 12 C 9881, 2014 WL 6685454, at *3 (N.D. Ill. Nov. 25, 2014) ("Until the Seventh Circuit holds otherwise, this court concludes that the discovery rule is still the law of this circuit."); Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC, 23 F. Supp. 3d 344, 357 (S.D.N.Y. 2014) ("Defendants direct the Court to the Supreme Court's recent decision in Petrella . . . reading that case to hold that the injury rule, not the discovery rule, applies to federal copyright infringement claims. Petrella does not hold as such.").

2

The court's June 15 order denied Yue's request to extend the discovery period because it was presented as based on Yue's fraud claims, which Yue lacks standing to assert. See Mot. at 6 (seeking discovery into "the circumstances under which MSC made the misrepresentations"); Reply at 8 ("Limiting Discovery May Result in MSC's Perpetuating its Fraud"). If Yue wishes to show that the discovery period should be extended based on his copyright claims, he will have a chance to do so. However, under Polar Bear Products, Yue will need to make a showing as to why he/Netbula only began to suspect infringement in 2014, and could not have, with reasonable diligence, discovered it earlier. See 384 F.3d 700 at 706 (9th Cir. 2004) (discovery rule requires that plaintiff was "unaware of the infringement" and "reasonably could not have discovered" the infringement earlier).

If Netbula is to be joined as a party, Yue will need to secure counsel to represent Netbula, and to obtain either a stipulation from MSC or leave of the court to file an amended complaint. See Federal Rule of Civil Procedure 15(a)(2). After an amended complaint is filed, the parties shall meet and confer regarding the scope of the discovery period in light of the addition of Netbula and any other amendments to the complaint. If the parties still cannot agree on the appropriate temporal scope of discovery, plaintiff may file a motion seeking appropriate relief from the court.

## CONCLUSION

Yue may file a discovery motion supported by an appropriate declaration on the issue of whether discovery period should be extended on the copyright claims. Until such motion is filed and granted, or a joint stipulation regarding the discovery period is approved by the court, the discovery limit of five years remains.

Yue may file a motion to amend his complaint to add Netbula as a party if a stipulation cannot be obtained from the defendant. And, of course, Netbula's counsel must immediately enter an appearance on the docket.

///

///

Lastly, Yue is advised that the court will not respond to "letters" filed on the docket in future. If plaintiff would like the court to take some action, he must make his request in the form of a motion pursuant to Local Rule 7-2, 7-9, or 7-11.

**IT IS SO ORDERED.**

Dated: July 20, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge